UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2018 DEC -3  P 2: 21
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

vs.

ANDRE BARBER, individually, and
as an officer, director, shareholder, member
and/or principal of JOHN DOE ENTITY
d/b/a Blue Bar & Grill, and JOHN DOE
ENTITY d/b/a Blue Bar & Grill,

    Defendants.

CIVIL ACTION NO.

1:18-cv-1015-GMB

## COMPLAINT

Plaintiff, Joe Hand Promotions, Inc., by and through its attorneys, as and for its Complaint against the Defendants, ANDRE BARBER, individually, and as an officer, director, shareholder, member and/or principal of JOHN DOE ENTITY d/b/a Blue Bar & Grill and JOHN DOE ENTITY d/b/a Blue Bar & Grill alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper as this action arises under the copyright laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright) as this civil action is brought under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. and the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District and/or Defendant resides in this District.

## THE PARTIES

3. Plaintiff, Joe Hand Promotions, Inc. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 407 E. Pennsylvania Blvd., Feasterville, PA 19053.

4. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial/non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations.

5. By written agreement with the promoters of the event, Plaintiff was granted the exclusive right to commercially distribute the audiovisual presentation of the *Floyd Mayweather, Jr. vs. Conor McGregor* boxing match, including all undercard bouts and commentary, on Saturday, August 26, 2017 (the "Program").

6. By written agreement with the owner of the registered copyright [PA 2-066-333] of the Program, Plaintiff was assigned ownership of the right to distribute 17 U.S.C. § 106(3) and authorize the public performance 17 U.S.C. § 106(4) of the Program.

7. Upon information and belief, Defendant, John Doe Entity is a business entity operating an establishment known as Blue Bar & Grill located at 3700 Ross Clark Circle, Dothan, AL 36303 (the "Establishment").

8. Upon information and belief, the individual Defendant(s), Andre Barber, reside(s) in the State of Alabama. On the date of the Program, each Defendant was an officer, director, shareholder, member or principal of the entity owning and operating the Establishment.

9. Upon information and belief, by virtue of the above position(s) with the Establishment, each individual Defendant had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all times relevant to Plaintiff's claims.

**FACTS**

10. The Program garnered widespread media coverage, public interest, and was reported to be the most anticipated Pay-Per-View event in history[1]. Plaintiff licensed the Program to over 6,000 establishments nationwide authorizing them to exhibit the Program to their patrons, customers, members, and/or guests, granting such authorization after the payment of a commercial license fee to Plaintiff, which fee was determined by the capacity of the establishment.

11. The Program was legally available to the Defendants for exhibition in their Establishment only after paying the commercial rate to Plaintiff. Defendants, however, chose not to contract with Plaintiff and pay the proper commercial license fee to Plaintiff. Instead, Defendants, including their agents, servants, and/or employees, took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream.

12. In an effort to avoid paying the proper commercial license fees to Plaintiff, commercial locations, among other methods, obtained the Program through the illegal misuse of cable and satellite service by: (1) intercepting and redirecting cable or satellite service from a nearby residence, (2) registering their business location as a residence, (3) physically moving a

---

[1] *See Mayweather, McGregor poised for history-making fight,* Reuters, https://www.reuters.com/article/us-boxing-mayweather-mcgregor/mayweather-mcgregor-poised-for-history-making-fight-idUSKCN1B52L8 (last visited October 15, 2018).

cable or satellite receiver from a residence to their business, and/or (4) obtaining the Program in violation of the terms of their television service provider agreement.

13. In addition to the above, commercial locations also exploited restricted online access to the Program in order to avoid paying the proper commercial license fees to Plaintiff. Individual consumers could stream the Program through a limited number of legitimate online distributors for a maximum retail price of $99.99, but only for *non-commercial use*. The website of each distributor carried clear language limiting use of an online stream to residential, personal, and/or non-commercial use only. Undeterred, commercial locations would purchase the Program for viewing on a personal device or in a residence, then proceed to link this device to the establishment's television screen(s) to unlawfully exhibit the Program commercially.

14. Upon information and belief, Defendants willfully engaged in one or more of the above illegal acts to receive the Program for free or at a nominal cost while Plaintiff's legitimate customers paid several thousand dollars. Defendants knew, or should have known, their receipt and exhibition of the Program at their establishment was not authorized.

15. Upon information and belief, Defendants intentionally pirated the Program for the sole purpose of their own economic gain. Defendants exhibited the Program for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefiting financially by infringing Plaintiff's rights in the high-profile event.

16. Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Program in the Establishment.

17. As exclusive licensee and copyright assignee of the Program, Plaintiff has standing and capacity to bring this action in its own name against Defendants for violations of the Communications and Copyright Acts.

## COUNT I

### SATELLITE [47 U.S.C. § 605] AND CABLE [47 U.S.C. § 553] PIRACY

18. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

19. Upon information and belief, Defendants' exhibition of the Program was accomplished through the interception and receipt of a cable and/or interstate satellite signal.

20. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 and/or 553.

21. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. §§ 605 and/or 553.

## COUNT II

### COPYRIGHT INFRINGEMENT

22. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

23. Defendants' unauthorized distribution and public performance of the Program through any means, including without limitation, cable, satellite, or internet stream, was in violation of 17 U.S.C. §§ 106 and 501.

24. Defendants' acts of infringement were not only willful, intentional, and purposeful, but also in complete disregard of and indifference to Plaintiff's rights.

5

25. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

### PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant jointly and severally as follows:

    a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605 committed for the purpose of commercial advantage, or alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553 committed for the purpose of commercial advantage;

    b. for Plaintiff's attorneys' fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C);

    c. for statutory damages, in the discretion of this Court, of up to the maximum amount of $150,000.00 pursuant to 17 U.S.C. § 504(c) for the willful violation of 17 U.S.C. § 501;

    d. for Plaintiff's attorneys' fees, interest, and costs of suit pursuant to 17 U.S.C. § 505; and

    e. for such other and further relief to which Plaintiff may be entitled.

F. Page Gamble (ASB-3857-E31F)
F. PAGE GAMBLE, P.C.
300 Vestavia Parkway, Suite 2300
Birmingham, AL 35216
T: (205) 795-2078
F: (888) 719-2817
page@gamblelaw.net

ATTORNEY FOR PLAINTIFF
JOE HAND PROMOTIONS, INC.

Defendant to be served by process server:

ANDRE BARBER
225 HIDDEN GLEN WAY
DOTHAN, AL 36303-2957

BLUE BAR AND GRILL
3700 Ross Clark Circle
Dothan, AL 36303