IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-cv-1015-WKW-GMB |
| | ) | [WO] |
| ANDRE BARBER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. Doc. 15. Plaintiff Joe Hand Promotions, Inc. filed this action on December 3, 2018 in the Southern Division of the Middle District of Alabama. Doc. 1.

Now before the court is a Motion to Change Venue (Doc. 10), filed by *pro se* Defendant Andre Barber and purportedly filed by *pro se* Defendant John Doe Entity d/b/a Blue Bar & Grill. Barber, however, cannot speak for his company, because the right of self-representation under 28 U.S.C. § 1654 does not include the right to represent others on a *pro se* basis. *See Anaya v. Diamond Air Freight, Inc.*, 2009 WL 10668977, at *1 (S.D. Fla. June 1, 2009). Further, a company cannot appear *pro se* and instead must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of § 1654 is that they must be represented by licensed counsel."). Based on these principles, John Doe Entity

d/b/a Blue Bar & Grill shall be given time to find an attorney and respond to the complaint. *Anaya*, 2009 WL 10668977, at *1.

As for the Motion to Change Venue filed by Andre Barber, *pro se*, on his own behalf, Barber seeks to have venue transferred to the Southern Division of the Middle District of Alabama. But the case was, in fact, filed in the Southern Division of the Middle District of Alabama, and remains pending in that division and district. Accordingly, the Motion to Transfer Venue is due to be DENIED.

For these reasons, it is hereby RECOMMENDED that:

1. The Motion to Change Venue (Doc. 10) be DENIED.

2. John Doe Entity d/b/a Blue Bar & Grill be given a date set by the district judge to obtain legal counsel and to respond to the Complaint.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **May 3, 2019.** Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain

error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 19th day of April, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE