IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CV-1015-WKW |
| | ) | [WO] |
| ANDRE BARBER, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the court is Defendant's Motion for Vacatur. (Doc. # 96.) Plaintiff filed a Response in Partial Opposition to Defendant's Motion for Vacatur. (Doc. # 98.)

Defendant's motion stems from the court's Indicative Ruling under Rule 62.1 of the Federal Rules of Civil Procedure. During the pendency of the appeal from the judgment, the parties reached a settlement agreement. Defendant then moved for an indicative ruling from this court. The Indicative Ruling provides:

> [T]he court is of the opinion that, if the case were remanded to it by the United States Court of Appeals for the Eleventh Circuit, the court would enter an order, pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, relieving Defendant from the judgment.

(Doc. # 91.) Based on the Indicative Ruling, the Court of Appeals for the Eleventh Circuit remanded this action "in full to the district court." (Doc. # 95, at 2.) Defendant now moves the court to vacate the judgment or, in the alternative, "to

enter an order marking its judgment as fully satisfied." (Doc. # 96, at 3.) Plaintiff concurs with Defendant's alternative request but opposes the request for the judgment's vacatur. (Doc. # 98, at 1–2.) Because Defendant's argument for vacatur previously was rejected in the Order denying Defendant's Rule 59(e) motion to alter or amend the judgment (Doc. # 94), that argument will not be revisited here.[1]

Based on the foregoing, it is ORDERED that Defendant's Motion for Vacatur (Doc. # 96) is GRANTED in part as follows:  Defendant Andre Barber is RELIEVED from the July 30, 2021 Judgment (Doc. # 79) under Rule 60(b)(5) of the Federal Rules of Civil Procedure.  The Motion for Vacatur (Doc. # 96) is otherwise DENIED.

DONE this 2nd day of September, 2022.

                                  /s/   W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE

---

[1] Due to a typographical error, the Order (Doc. # 94) referenced the wrong subsection of Rule 60(b).  The correct subsection is Rule 60(b)(5), not Rule 60(b)(2).  The Indicative Ruling, upon which the Eleventh Circuit relied, cites the correct subsection, Rule 60(b)(5). (Doc. # 91.)